UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Grand Jury Sworn in on October 30, 2025

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL NO.** |
| | ) | |
| | ) | **GRAND JURY ORIGINAL** |
| | ) | |
| v. | ) | **VIOLATIONS:** |
| | ) | **18 U.S.C. § 371** |
| | ) | **(Conspiracy to Commit Securities Fraud)** |
| **GUANHUA SU** | ) | **15 U.S.C. §§ 80b-7, 80b-17; 18 U.S.C. § 2** |
| *also known as "MICHAEL SU",* | ) | **(Material Misstatement in a Report Filed** |
| | ) | **with the SEC)** |
| **Defendant.** | ) | **18 U.S.C. §§ 1001, 2** |
| | ) | **(False Statement)** |

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

### Introduction

1. Between in or around February 2023 and in or around March 2025, defendant **GUANHUA SU also known as "MICHAEL SU"** and his co-conspirators created at least 10 shell entities and then filed fraudulent and deceptive investment adviser forms for each entity with the U.S. Securities & Exchange Commission (the "SEC"). These filings deceptively portrayed the entities as legitimate investment advisers. They were not. Instead, the sham companies created by **GUANHUA SU** and his co-conspirators were used to induce retail investors to purchase the stock of Chinese companies listed on NASDAQ. Investors were solicited through WhatsApp groups and deceived into believing that these companies were legitimate investment advisers providing stock recommendations. In reality, this was a securities

fraud scheme to ramp up public companies' stock prices before they collapsed, causing hundreds of millions in losses to innocent investors.

## Individuals and Entities

2. Defendant **GUANHUA SU also known as "MICHAEL SU"** was a resident of Hong Kong. Defendant **GUANHUA SU** was the managing director and marketing director of Rhino Consulting Business Service Ltd, a Hong Kong-based financial services business that purportedly transacted in the sale of various business entities and corporations.

3. The SEC was a federal agency of the executive branch of the United States. The SEC was headquartered in Washington, DC. The SEC was responsible for the regulation of the federal securities laws, including the registration of and required filings for investment advisers.

4. The Financial Industry Regulatory Authority ("FINRA") was a self-regulatory organization for the securities industry headquartered in Rockville, Maryland. FINRA developed, managed, and operated the Investment Adviser Registration Depository ("IARD") on behalf of the SEC.

5. Bluesky Eagle Capital Management LTD ("Bluesky Eagle") was a New York corporation purporting to be an investment advisor.

6. Wisdom Capital Management Group LTD ("Wisdom Capital") was a New York corporation purporting to be an investment advisor.

7. Public Company A was a public company traded on NASDAQ. Public Company A was an offshore holding company incorporated in the Cayman Islands and headquartered in Guangdong, China. Public Company A purported to be a business-to-business electronic component products e-commerce platform. Public Company A initially used a variable interest

entity ("VIE") structure. It later terminated that structure and was then listed on NASDAQ following an IPO in or around March 2023.

8. Entity B was based in Bejing, China and was a registered investment adviser that filed Forms ADV with the SEC.

### SEC Terminology and Rules Regarding Investment Advisers

9. The SEC regulated investment advisers, primarily under the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-4(a), 80b-7] and the rules adopted under that statute.

10. An "investment adviser" under the Advisers Act was required to register with the SEC, unless exempt or prohibited from registration.

11. Exempt Reporting Advisers ("ERAs") were a category of private fund advisers under the Advisers Act that were not required to register with the SEC. ERAs included advisers to venture capital funds, and advisers to private funds with less than $150 million in assets under management in the United States.

12. A "Form ADV" was the form used by investment advisers to register with the SEC and with state securities authorities.

13. ERAs, while exempt from registration, were still required to file with the SEC certain items in Part 1 of the Form ADV. Part 1 required the investment adviser to disclose information about, among other things, an adviser's business, amount of assets under management, ownership, and clients.

14. A Form ADV was filed electronically with the SEC through the IARD, which was a secure Internet based filing system that collects and maintains the registration, reporting, and disclosure information for investment advisers. FINRA, under contract with the SEC, developed

and operated the IARD system. Once filed, a Form ADV was available to the public via the internet through the SEC's Investment Adviser Public Disclosure database, located at https://adviserinfo.sec.gov.

15. A public reporting company (often referred to as a "public company") was an entity that was required to file certain disclosure reports, including annual, quarterly, and current reports, with the SEC on an ongoing basis.

16. A Central Index Key ("CIK") number was a number that the SEC assigned to a public reporting company and that can be searched on the SEC's computer systems to identify corporations and individuals required to file disclosure information.

## COUNT ONE
**Conspiracy to Commit Securities Fraud**
**(18 U.S.C. § 371)**

17. The General Allegations in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

18. From in or around February 2023 and continuing to at least in or around March 2025, in the District of Columbia, and elsewhere, the defendant,

**GUANHUA SU,**

did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with other individuals, known and unknown, to commit certain offenses against the United States, namely securities fraud, that is, to knowingly and willfully, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and facilities of national securities exchanges, in connection with the purchase and sale of securities, use and employ, and cause others to use and employ, manipulative and deceptive devices and contrivances, in violation of Title 15, U.S.C. Code, Section 78j(b) and Title 17, Code of Federal

Regulations, Section 240.10b-5 by: (a) employing, and causing others to employ, devices, schemes, and artifices to defraud; (b) making, and causing others to make, untrue statements of material fact and omitting to state, and causing others to omit to state, material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging, and causing others to engage, in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit: filing Forms ADV for sham companies, including Bluesky Eagle and Wisdom Capital, that were presented as bona fide investment advisers to induce investors to rely on their advice in connection with the purchase and sale of securities.

### Purpose

19. It was the purpose of the conspiracy for defendant **GUANHUA SU**, and other co-conspirators known and unknown to the Grand Jury, to unjustly enrich themselves and others, and to obtain money and property from victims by: (a) creating sham entities, such as Bluesky Eagle and Wisdom Capital, and claiming that they were, in fact, ERAs; (b) filing Forms ADV with the SEC for these entities that contained materially false statements; and (c) using the false Forms ADV as deceptive devices to defraud investors in furtherance of schemes to deceive investors. It was also the purpose of the conspiracy for defendant **GUANHUA SU** and other co-conspirators, to conceal wrongdoing from the investing public, regulators, and law enforcement.

### Manner and Means

20. In furtherance of the conspiracy, and to accomplish its purpose, defendant **GUANHUA SU** and his co-conspirators engaged in and utilized the below methods, manner, and means.

21. Defendant **GUANHUA SU,** and others known and unknown, registered various business entities, including Bluesky Eagle and Wisdom Capital, in states such as New York and Colorado. For example, on or about December 5, 2023, defendant **GUANHUA SU,** and others known and unknown, registered Bluesky Eagle and Wisdom Capital as domestic business corporations in the state of New York with the New York Department of State. Bluesky Eagle and Wisdom Capital were, in fact, sham entities created by defendant **GUANHUA SU,** and others known and unknown, to use in schemes to deceive investors.

22. Defendant **GUANHUA SU** filed false Forms ADV with the SEC on behalf of at least 10 purported ERAs, including Bluesky Eagle and Wisdom Capital.

23. For example, on or about December 12, 2023, defendant **GUANHUA SU** filed a Form ADV with the SEC on behalf of Bluesky Eagle that contained the following untrue statements of material fact:

   a. That the address for its principal place of business was "140 Broadway, 52th Floor [*sic*], New York, NY, United States, 10005."

   b. That Bluesky Eagle Capital Management LTD was a public reporting company.

   c. That Bluesky Eagle was assigned CIK numbers: 423435332 and 329506.

   d. That Entity B "provides information" about Bluesky's private fund on Entity B's own Form ADV filing.

   e. That Joshua Troy Hunt was the CEO and COO of Bluesky Eagle with an Advisor Central Registration Depository (CRD) Number of 329506.

24. Bluesky Eagle's Form ADV also stated that Bluesky Eagle had $10 million in private fund assets under management.

6

25. On or about December 14, 2023, defendant **GUANHUA SU** filed a Form ADV with the SEC on behalf of Wisdom Capital that contained the following untrue statements of material fact:

   a. That the address for its principal place of business was "14 Wall St. 27th Floor New York, NY 10005."

   b. That Wisdom Capital was a public reporting company.

   c. That Wisdom Capital was assigned CIK number 431333.

   d. That Entity B "provides information" about Wisdom Capital's two private funds on Entity B's own Form ADV filing.

   e. That Ricardo Jobity was the CEO and COO of Wisdom Capital with an Advisor Central Registration Depository (CRD) Number of 329529.

26. Wisdom Capital's Form ADV also stated that Wisdom Capital had $10 million in private fund assets under management.

27. Defendant **GUANHUA SU** arranged with Individual A and Individual B, both individuals located in California, to use Individual A's and Individual B's U.S.-based bank accounts to make payments to FINRA for the relevant Form ADV filings.

   a. For example, on or about December 11 and 12, 2023, defendant **GUANHUA SU** paid filing fees to FINRA for Bluesky Eagle and Wisdom Capital using Individual A's bank account.

   b. On or about December 12, 2023, defendant **GUANHUA SU** also paid filing fees to FINRA for Bluesky Eagle and Wisdom Capital using Individual B's bank account.

28. Defendant **GUANHUA SU** reimbursed Individual A and Individual B for the relevant payments made from their U.S.-based bank accounts through the WeChat mobile app's payment feature. These payments were generally made in Chinese RMB ("renminbi," the official currency of China).

29. Defendant **GUANHUA SU** created a fabricated SEC Registered Investment Advisor License certificate for Bluesky Eagle and falsely marketed Bluesky Eagle on LinkedIn, highlighting the value of an SEC registered investment adviser license with the claim that it was "the highest institution in the financial securities industry[.]"

30. Between on or about February 27, 2023 and on or about March 20, 2025, Defendant **GUANHUA SU** filed eight other false Forms ADV with the SEC on behalf of the following sham purported ERAs: Adamant Stone Ltd., Aetheris Diversified Inc., AI Financial Education Foundation Ltd., AI Investment Education Foundation Ltd., Fluxia Capital Management Ltd., Invesco Alpha Inc., Open Compute Intelligence Network Ltd., and Supreme Power Capital Management LTD.

*Public Company A Ramp-and-Dump Scheme*

31. From in or around January 2024 through in or around April 2024, Bluesky Eagle and Wisdom Capital were both used by defendant **GUANHUA SU** and co-conspirators known and unknown as part of a ramp-and-dump scheme to defraud retail investors through the promotion of Public Company A stock.

32. Shortly after defendant **GUANHUA SU** filed the Forms ADV for Bluesky Eagle and Wisdom Capital, fake websites for Eagle and Wisdom Capital were published portraying the entities as legitimate investment adviser enterprises. Bluesky Eagle's website falsely claimed that

it was founded in 2020, despite the fact that its Form ADV was only filed in or around December 2023 and the website itself was only created in or around January 2024.

33. Approximately four months later, in or around April 2024, in chats on WhatsApp, co-conspirators known and unknown told investors that they were financial professionals associated with Bluesky Eagle and Wisdom Capital, and advised such investors to invest in Public Company A.

34. Co-conspirators created false identities on the firms' websites and in WhatsApp chats, and held themselves out as the leaders and trading assistants for Bluesky Eagle and Wisdom Capital. For example, Bluesky Eagle's website represented that Ronald Johnson founded Bluesky Eagle and falsely stated that he had an MBA degree from Yale University.

35. Then, a WhatsApp user purporting to be Ronald Johnson deceptively interacted with potential investors and instructed them to purchase Public Company A stock in or around April 2024. In the chat, a potential investor asked the Blusky Eagle representatives for its CRD number and, in response, was provided with a screenshot showing Bluesky Eagle's CRD number and SEC number that were created in connection with defendant **GUANHUA SU's** Bluesky Eagle Form ADV filing.

36. In another WhatsApp chat, participants were falsely told by co-conspirators that Bluesky Eagle's "VIP users" could reach a total investment return between 300-500%. Additionally, on or about April 15, 2025, just before Public Company A's stock price collapsed, the Ronald Johnson WhatsApp user told potential investors:

> Now I hope that everyone can cherish any opportunity to buy [Public Company A] before this Tuesday. If you are holding some other stocks, I suggest that you can sell these stocks for a short time now, because this time you will focus on trading the US stock [Public Company A], only You need to hold it for three working days to get more than 100% profit. At that time, you can choose to sell and continue to buy the stocks before the funds were invested. This will not cause you to put your funds on hold, and you don't have to worry

about the risk of excessive concentration of funds. You can also maximize the investment amount to maximize profits. This is a perfect trading plan.

37.  On or about April 15, 2025, the Ronald Johnson WhatsApp user told potential investors in the Bluesky Eagle WhatsApp chat: "we can promise that if you follow us to invest in U.S. stocks [Public Company A] and suffer any losses, we will fully compensate you, and the compensation time limit will not exceed 3 working days ... we are fully confident in our promise to give you full compensation!"

38.  Between on or about April 1, 2024, and on or about April 16, 2024, Public Company A's share price increased dramatically from an intraday low of approximately $8.46 to an intraday high of approximately $52.21 on average daily trading volume of approximately 1.3 million shares. Then, on or about April 17, 2024, Public Company A's stock price crashed and plummeted approximately 88%, closing at a price of approximately $5.99 on volume of approximately 14.5 million shares. Public Company A's stock price did not recover.

39.  Following the collapse in price, the Bluesky Eagle WhatsApp chat administrators attempted to retarget victims and told investors that they would provide a different investment that would recoup losses. Specifically, potential investors were instructed that if they held the next recommended stock for three trading days, they would receive an additional investment that would result in 80% profit.

40.  During this time, and corresponding to the promotional efforts related to Bluesky Eagle and Wisdom Capital by conspirators known and unknown, foreign-based brokerage accounts primarily based in Hong Kong, the Bahamas, New Zealand, and Cayman Islands, made timely sales of Public Company A to earn gross proceeds of as much as $211 million.

Overt Acts

41. In furtherance of the conspiracy and to accomplish its purpose, the following overt acts, among others, were committed in the District of Columbia, and elsewhere:

   a. On or about December 12, 2023, defendant **GUANHUA SU** did file and cause to be filed with the SEC in Washington, DC, a Form ADV containing an untrue statement of a material fact on behalf of Bluesky Eagle; and

   b. On or about December 14, 2023, defendant **GUANHUA SU** did file and cause to be filed with the SEC in Washington, DC, a Form ADV containing an untrue statement of a material fact on behalf of Wisdom Capital.

(In violation 18 U.S.C. § 371)

## COUNTS TWO AND THREE
**Material Misstatement in a Report Filed with the SEC**
**(15 U.S.C. §§ 80b-7 and 80b-17; 18 U.S.C. § 2)**

42. The allegations in paragraphs 1 through 30 and 41 are re-alleged and incorporated by reference as though fully set forth herein.

43. On or about the dates specified as to each count below, in the District of Columbia, and elsewhere, the defendant,

**GUANHUA SU,**

willfully made and caused to be made an untrue statement of a material fact, and omitted a material fact that was required to be stated, in a registration application and report filed with the SEC under section 80b–3 and 80b–4 of United States Code Title 15:

| Count | On or About Date | Description |
|---|---|---|
| 2 | December 12, 2023 | In Bluesky Eagle's Form ADV, defendant **GUANHUA SU** falsely stated and caused to be stated Bluesky Eagle's principal place of business, that it was a public reporting |

| | | company, that it was assigned certain CIK numbers, that another entity provided information about Bluesky Eagle's private fund in its form ADV filing, and that Joshua Troy Hunt was the CEO and COO with a certain CRD number. |
|---|---|---|
| 3 | December 14, 2023 | In Wisdom Capital's Form ADV, defendant **GUANHUA SU** falsely stated and caused to be stated Wisdom Capital's principal place of business, that it was a public reporting company, that it was assigned a certain CIK number, that another entity provided information about Wisdom Capital's two private funds in its form ADV filing, and that Ricardo Jobity was the CEO and COO of Wisdom Capital with a certain CRD number. |

(In violation of Title 15, United States Code, Sections 80b-7 and 80b-17; 18 U.S.C. § 2)

## COUNTS FOUR AND FIVE
### False Statement
### (18 U.S.C. §§ 1001, 2)

44. The allegations in paragraphs 1 through 30 and 41 are re-alleged and incorporated by reference as though fully set forth herein.

45. On or about the dates specified as to each count below, in the District of Columbia, and elsewhere, defendant,

**GUANHUA SU,**

did knowingly and willfully make and cause to be made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by making false statements to the SEC in Forms ADV filed with the SEC in the District of Columbia:

| Count | On or About Date | Description |
|---|---|---|
| 4 | December 12, 2023 | In Bluesky Eagle's Form ADV, defendant **GUANHUA SU** falsely, fictitiously, and fraudulently stated and represented and caused to be stated and represented Bluesky Eagle's principal place of business, that it was a public reporting company, that it was assigned certain CIK numbers, that another entity provided information about Bluesky Eagle's private fund in its form ADV filing, and that Joshua Troy Hunt was the CEO and COO with a certain CRD number. |
| 5 | December 14, 2023 | In Wisdom Capital's Form ADV, defendant **GUANHUA SU** falsely, fictitiously, and fraudulently stated and represented Wisdom Capital's principal place of business, that it was a public reporting company, that it was assigned a certain CIK number, that another entity provided information about Wisdom Capital's two private funds in its form ADV filing, and that Ricardo Jobity was the CEO and COO of Wisdom Capital with a certain CRD number. |

(In violation of 18 U.S.C. § 1001(a)(2); 18 U.S.C. § 2)

THIS IS A TRUE BILL.

Dated: November 13, 2025

_____
FOREPERSON

LORINDA I. LARYEA
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

By: *[signature]*
Matthew Reilly
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice